UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUSTIN SHAWLER                                                          CIVIL ACTION

VERSUS                                                                      No. 15-2599

ERGON ASPHALT & EMULSIONS, INC.,                                   SECTION I
AND BIG VALLEY, LLC

### ORDER AND REASONS

Defendant, Big Valley, LLC ("Big Valley"), has filed a motion[1] for summary judgment.

Plaintiff, Justin Shawler ("Shawler"), has filed an opposition.[2]  Because the Court concludes that

genuine issues of material fact preclude summary judgment, Big Valley's motion is denied.

### BACKGROUND

In May 2015, Shawler received an invitation from dismissed[3] defendant, Ergon Asphalt &

Emulsions, Inc. ("Ergon"), to join a group of Ergon employees and Ergon clients for an offshore

fishing trip near Venice, Louisiana on the M/V BIG VALLEY.[4]  On May 3, 2015, while the boat

was returning to Venice, Shawler allegedly fell from the bridge deck to the lower cockpit deck and

sustained multiple personal injuries.[5]  In his first amended complaint, plaintiff added Big Valley,

LLC ("Big Valley")—owner of the M/V BIG VALLEY—as a defendant and requested damages

which would compensate him for these alleged injuries.[6]  On April 7, 2016, Big Valley filed this

motion[7] for summary judgment.

---

[1] R. Doc. No. 75.
[2] R. Doc. No. 76.  The Court considers Shawler's opposition even though it was not timely filed.
[3] R. Doc. No. 17.
[4] R. Doc. No. 49-1, at 8.
[5] R. Doc. No. 49-1, at 8–9.
[6] R. Doc. No. 9, at 1.
[7] R. Doc. No. 75.

## LAW AND ANALYSIS

### I.    Summary Judgment Standard

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56.  "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.  *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56, the nonmoving party must come forward with specific facts showing that there is a genuine issue of material fact for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).  Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986).  The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue.  *Id*.  The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor."  *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

2

### II.   Analysis

There are genuine issues of material fact which preclude summary judgment in this case. While the parties agree that Shawler fell from the bridge level deck to the cockpit level deck, they dispute whether he was standing on the bridge level deck or was descending the ladder from the bridge level deck to the cockpit level deck when he fell.  They also dispute whether the vessel abruptly slowed or stopped prior to the fall, whether Shawler was visibly intoxicated, and whether the captain and crew were intoxicated.  Both parties selectively quote certain deposition testimony to bolster their arguments that the evidence supports their respective versions of events.  Having reviewed the depositions, however, the Court finds sufficient factual uncertainties including but not limited to how the accident occurred, the cause of the accident, and who was intoxicated— either noticeably or not noticeably—at the time of the accident.  Accordingly,

**IT IS ORDERED** that the motion for summary judgment is **DENIED**.

**IT IS FURTHER ORDERED** that Big Valley's motion[8] for leave to file a reply memorandum in support of its motion for summary judgment is **GRANTED**.

New Orleans, Louisiana, April 20, 2016.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[8] R. Doc. No. 77.