UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUSTIN SHAWLER | CIVIL ACTION |
| VERSUS | No. 15-2599 |
| ERGON ASPHALT & EMULSIONS, INC., AND BIG VALLEY, LLC | SECTION I |

### ORDER AND REASONS

Before the Court are (1) a motion[1] *in limine* filed by defendant, Big Valley, LLC ("Big Valley"), "seeking to exclude any evidence regarding the consumption of alcohol by Captain Larry Griffin" ("Captain Griffin" or "the Captain") and (2) a brief[2] filed by plaintiff, Justin Shawler ("Shawler"), per the Court's instructions indicating his intent "to offer testimony by and through Mr. Steven Caskey regarding the requirements provided by applicable Federal Coast Guard Regulations pertaining to the operation and management of the Vessel at issue in this matter." Both the motion and the brief are opposed.[3] For the following reasons, defendant's motion is deferred until trial and plaintiff's expert will not be permitted to offer his opinion regarding Coast Guard regulations at trial.

### LAW AND ANALYSIS

I. **Defendant's motion to exclude evidence of Captain Griffin's consumption of alcohol**

Big Valley argues that admitting evidence of a party's alcohol consumption is unduly prejudicial unless it is accompanied by evidence of intoxication. According to Big Valley, because

---

[1] R. Doc. No. 100.
[2] R. Doc. No. 104.
[3] R. Doc. Nos. 112, 123.

Captain Griffin only consumed between two and three beers on the day of the accident and that by all accounts he did not appear to be intoxicated, the fact of his alcohol consumption should not be made known to the jury. Big Valley argues that not only is evidence of the Captain's consumption of alcohol irrelevant, but its admission would also be unduly prejudicial because a jury would likely find Big Valley liable "based solely upon inherent prejudices and beliefs that a person that has been drinking is drunk or intoxicated."[4]

The only binding authorities cited by defendant are the U.S. Court of Appeals for the Fifth Circuit's decisions in *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147 (5th Cir. 1981) and *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581 (5th Cir. 2003). The Court accordingly begins with those cases.

In *Ballou*, the district court had excluded evidence of the plaintiff's intoxication prior to the accident in the face of conflicting evidence regarding whether the plaintiff was intoxicated. 656 F.2d 1147. The district court had barred the evidence for two reasons. First, the district court concluded that the witness who testified that the plaintiff was sober was credible and that the results of the blood alcohol test were not credible. *Id.* at 1154. Second, because the district court found the results of the blood alcohol test not to be credible, it held that their admission would be unduly prejudicial to the plaintiff, explaining that "it is never possible to judge the attitude of a Jury and how they are affected by the subject of alcohol." *Id.* at 1152. On appeal, the Fifth Circuit decided that the exclusion of the evidence was error because the credibility determination should have been left to the jury. *Id.* The Court explained that "[p]roof of [the plaintiff's] intoxication is, of course, highly relevant to and probative of one of the ultimate questions before the jury," the plaintiff's contributory negligence. *Id.* at 1155. The jury therefore should have been permitted to hear it. *Id.*

---

[4] R. Doc. No. 100-1, at 12.

2

Similarly, in *Bocanegra*, the Fifth Circuit held that the lower court had improperly excluded evidence of the defendant's marijuana consumption prior to the accident. 320 F.3d at 587. In the Court's view, there was sufficient evidence that the defendant's marijuana use had impaired his cognitive functions and contributed to the accident to require disclosure of the marijuana use to the jury. *Id.* at 589-90. It noted that "[w]ithout evidence of [the defendant's] marijuana use in this case, the evidence presented at trial bore little resemblance to what actually happened." *Id.* at 589.

Big Valley cites *Ballou* and *Bocanegra*, as well as a number of other non-binding cases, to propose the principle that while intoxication is relevant to liability, consumption of alcohol alone is not. Moreover, admitting evidence of consumption of alcohol without any evidence of intoxication is prejudicial, Big Valley argues, because it opens the door to "insinuations or innuendos of intoxication" when there is no evidence to support such conclusions. *See Donald v. Triple S Well Serv., Inc.*, 708 So. 2d 1318 (Miss. 1998).

In response, Shawler argues that there is evidence in the record that Captain Griffin "consumed multiple alcoholic beverages while operating the Vessel in violation of Federal Regulations and industry standards and was under the influence of alcohol at the time of Plaintiff's incident."[5] He further asserts that Big Valley's reliance on *Ballou* and *Bocanegra* is misplaced because there is corroborative evidence of intoxication in this case; namely, the accident itself.[6] As Shawler puts it, "a jury may very well determine that Captain Griffin's alcohol consumption coupled with the actual accident demonstrates Captain Griffin's impairment and/or intoxication."[7] However, if the Court concludes that an expert opinion is necessary for the jury to find that the

---

[5] R. Doc. No. 112, at 1.
[6] R. Doc. No. 112, at 3.
[7] R. Doc. No. 112, at 6.

Captain was intoxicated, Shawler requests permission to question Big Valley's toxicology expert on cross examination regarding Captain Griffin's alleged impairment.[8]

The Court initially notes that neither *Ballou* nor *Bocanegra* can be read as broadly as Big Valley suggests. Neither case created a bright-line rule that evidence of alcohol consumption is unduly prejudicial without evidence of intoxication.

As to the intoxication issue, the Court further notes that, to the extent that the number of beers consumed by the Captain is relevant, the parties dispute the number of beers that Captain Griffin consumed on the day of the accident. Big Valley argues that "[t]he best estimate is that . . . Captain Griffin consumed between two and three beers."[9] Shawler alleges that "Captain Griffin . . . drank five beers while operating a vessel."[10] Big Valley accuses Shawler of stretching the deposition testimony to reach that number, arguing that "[the number five] was suggested by Plaintiff's counsel to many of the witnesses without any foundation."[11]

Having reviewed the deposition testimony, including that of Don Sudduth, the Court concludes that there may be some evidence in the record, albeit of dubious foundation, that Captain Griffin consumed four or five beers on the day of the accident.[12] Given such testimony and without

---

[8] R. Doc. No. 112, at 6.
[9] R. Doc. No. 100-1, at 2.
[10] R. Doc. No. 112, at 4.
[11] R. Doc. No. 100-1, at 2 n.2. Indeed, Big Valley was apparently so offended by plaintiff's suggestion that Captain Griffin was intoxicated that it filed a motion to strike the opening paragraph of plaintiff's opposition to the motion. R. Doc. No. 113. Those sorts of motions are unhelpful and a waste of both the parties' and the Court's time.
[12] R. Doc. No. 112-3, at 10. The relevant portion of the deposition of Don Sudduth, the second mate aboard the M/V BIG VALLEY, proceeded as follows:

> Q. Fair enough. Now do you recall if – one way or the other whether Captain Larry had been drinking on the way in, on the way in from fishing on the way back to the docks?
> A. I don't know.
> Q. Okay. He might have been, he might --

further information and inquiry, the Court cannot at this stage, without further testimony, resolve this dispute.

Nonetheless, it bears emphasizing that the Court will not permit counsel to pose questions to witnesses at trial that invite guess or speculation. Neither will the Court permit counsel to advance arguments that lack an evidentiary basis in the record. In order to ensure compliance with these rules, no party may refer to the Captain's or crew's alcohol consumption at trial without first approaching the bench and obtaining permission from the Court.

With respect to Shawler's request that he be permitted to cross examine Big Valley's toxicology expert regarding the alleged effects of Captain Griffin's alcohol consumption, the Court concludes that this issue should be deferred until trial. While Big Valley correctly observes that Rule 611(b) of the Federal Rules of Evidence provides that "[c]ross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility,"

---

A. He could have been.
Q. -- not have been, you just don't know?
A. I don't know.
Q. If you had to estimate about how many beers he had that day, what's your best *guess*?
   BY MS. RICE:
       Objection to form.
   BY THE WITNESS:
       Four or five.
   EXAMINATION BY MR. ITKIN:
Q. I know you're not sitting there counting for him, right?
A. No.
Q. It's – that's not how it is, right?
A. Uh-uh (negative response).
Q. But your best *guess* sitting here today, it's probably in the four or five range?
A. Right.
Q. Okay. *Could be more, could be less, you just don't really know?*
A. Right.
   BY MS. RICE:
       Objection to form.

*Id.* (emphasis added).

5

the Rule also states that "[t]he court may allow inquiry into additional matters as if on direct examination." The Court also observes that nothing precluded the plaintiff from providing his own expert testimony regarding this issue.

## II. Plaintiff's brief regarding the applicability of Coast Guard regulations

The minute entry[13] following the pretrial conference provided that "if either party intends to argue or introduce testimony relating to the regulations applicable to 'uninspected vessels,' then . . . that party shall file a brief with the Court identifying the applicable regulation(s) and explaining why the regulation(s) is/are relevant." Shawler has accordingly filed a brief indicating that his marine safety expert, Steven Caskey ("Caskey"), will testify regarding the requirements of certain Coast Guard regulations applicable to the M/V BIG VALLEY and the vessel's lack of compliance with those regulations. Specifically, Shawler indicates that Caskey will testify to the following supposedly applicable regulations: (1) "33 CFR 95.001 *et seq*. ('Operating a Vessel while under the influence of alcohol or a dangerous drug');" (2) 46 CFR 16.101 *et seq*. ('Chemical Testing');" and (3) "46 CFR 4.06 ('Mandatory Chemical Testing Following Serious Marine Incidents involving Vessels in Commercial Service')."[14] The brief does not quote the substance of those regulations or attempt to explain "why the regulation(s) is/are relevant," as this Court ordered.

In response to the brief, Big Valley argues that Caskey's opinions with respect to these three regulations should not be permitted for procedural reasons. In short, Big Valley argues that because these expert opinions are only being disclosed now they should not be admitted. If Shawler intended Caskey to offer these opinions, Big Valley argues that he should have filed a supplemental expert report disclosing them in accordance with the Federal Rules of Civil

---

[13] R. Doc. No. 98, at 2.
[14] R. Doc. No. 104, at 3-4.

Procedure.[15] The opinions were not contained in Caskey's deposition, his expert report, or the final pretrial order[16] prepared by the parties after the pretrial conference. According to Big Valley, to permit Caskey to offer his undisclosed opinions now would constitute trial by ambush.

Caskey's original expert report opines that the M/V BIG VALLEY did not comply with the "Federal Regulations for a Certified Small Passenger Vessel" or the regulations applicable to an "uninspected passenger vessel."[17] The Court subsequently held in its March 15, 2016 order and reasons that the M/V BIG VALLEY was an "uninspected vessel"—not a "small passenger vessel" or an "uninspected passenger vessel."[18] Accordingly, it also held that "[b]ecause [Caskey] is qualified as an expert . . . Caskey may testify as to the requirements of the regulations applicable to 'uninspected vessels'—assuming a proper foundation for those opinions is provided at trial and that his opinions are otherwise admissible."[19] The Court further observed that it "does not at this time decide whether the Coast Guard regulations applicable to 'uninspected vessels' are relevant to determining Big Valley's liability under the facts of this case. . . . The Court leaves those determinations until the relevant regulations—if any—are identified and such issues are raised by appropriate motion."[20]

The Court concludes that Shawler has failed to adequately disclose the applicability of these three Coast Guard regulations. The Court's statement in its March 15, 2016 order and

---

[15] R. Doc. No. 123, at 6-7. Big Valley cites this Court's opinion in *United States v. Land*, No. 13-4721, 2014 WL 906230, at *2 (E.D. La. Mar. 7, 2014) (Africk, J.), for the proposition that "A party must supplement [an expert's] report and '[a]ny additions or changes to [the] information [in the report] must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due,' which is 'at least 30 days before trial.'" (citing Fed. R. Civ. P. 26(a)(3)(B), 26(e)(2)).
[16] R. Doc. No. 105.
[17] R. Doc. No. 104-1, at 15.
[18] R. Doc. No. 69, at 8, 16 n.38.
[19] R. Doc. No. 69, at 17.
[20] R. Doc. No. 69, at 17 n.39.

reasons that Caskey "may testify as to the requirements of the regulations applicable to 'uninspected vessels'" did not relieve plaintiff of the obligation to file a supplemental expert report. At the time the Court issued its order and reasons, Caskey had yet to offer his opinions regarding the three regulations applicable to uninspected vessels. By holding that Caskey *could offer* such opinions (if they were relevant and a proper foundation was laid), the Court did not eliminate plaintiff's obligation under Rule 26(a) to give notice of whether its expert *would offer* such an opinion and to specify *which opinions* he would offer. Although the Court did not order plaintiff to file a supplemental report in its order and reasons, a court order is not necessary to place a party on notice that he must comply with the Federal Rules of Civil Procedure.

As Big Valley suggests, Shawler should have supplemented Caskey's expert report months ago in order to include these new opinions. Instead, he waited until this Court ordered their disclosure a week before trial to reveal them. While this Court may have been inclined to overlook Shawler's untimeliness had the recently filed brief been adequate, it is not. In order to prepare for trial and to avoid the necessity of ruling on the applicability of regulations without the benefit of thorough research and analysis, the Court's minute entry following the pretrial conference ordered any party intending to introduce evidence of allegedly applicable Coast Guard regulations to file a brief "identifying the applicable regulation(s) and explaining why the regulation(s) is/are relevant."[21]

Plaintiff's brief does not explain the applicability of the regulations or even quote them in their entirety. Without such information, the Court cannot determine the applicability of the regulations under the facts of this case and Big Valley is not provided an adequate opportunity to defend. Accordingly, although the Court originally deferred the issue until trial, it now concludes

---

[21] R. Doc. No. 98, at 2.

that based on the failure to file an appropriate supplemental expert report and failure to comply with this Court's minute entry, Caskey's opinions regarding the applicability of the three Coast Guard regulations are excluded.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Big Valley's motion to strike is **DENIED**.

**IT IS FURTHER ORDERED** that Big Valley's motion to exclude evidence of Captain Griffin's alcohol consumption, and Shawler's request to question Big Valley's toxicology expert regarding the effects of Captain Griffin's alcohol consumption, are **DEFERRED UNTIL TRIAL**. No party may refer to the Captain's or crew's alcohol consumption at trial without first approaching the bench and obtaining permission from the Court.

**IT IS FURTHER ORDERED** that Caskey's opinions regarding the Coast Guard regulations applicable to the M/V BIG VALLEY will not be permitted for the reasons set forth herein.

New Orleans, Louisiana, June 3, 2016.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

9