**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JUSTIN SHAWLER** | **CIVIL ACTION** |
| **VERSUS** | **No. 15-2599** |
| **BIG VALLEY, LLC** | **SECTION I** |

# INSTRUCTIONS TO THE JURY[1]

IT IS MY DUTY AND RESPONSIBILITY TO INSTRUCT YOU ON THE LAW YOU ARE TO APPLY IN THIS CASE. THE LAW CONTAINED IN THESE INSTRUCTIONS IS THE ONLY LAW YOU MAY FOLLOW. YOU MUST DO SO REGARDLESS OF ANY OPINION THAT YOU MIGHT HAVE AS TO WHAT THE LAW OUGHT TO BE.

IF I HAVE GIVEN YOU THE IMPRESSION DURING THE TRIAL THAT I FAVOR ANY PARTY, YOU MUST DISREGARD THAT IMPRESSION. IF I HAVE GIVEN YOU THE IMPRESSION DURING THE TRIAL THAT I HAVE AN OPINION ABOUT THE FACTS OF THIS CASE, YOU MUST DISREGARD THAT IMPRESSION. YOU ARE THE SOLE JUDGES OF THE FACTS OF THIS CASE. OTHER THAN MY INSTRUCTIONS TO YOU ON THE LAW, YOU SHOULD DISREGARD ANYTHING I MAY HAVE SAID OR DONE DURING THE TRIAL IN ARRIVING AT YOUR VERDICT.

YOU SHOULD CONSIDER ALL OF THE INSTRUCTIONS ABOUT THE LAW AS A WHOLE AND REGARD EACH INSTRUCTION IN LIGHT OF THE OTHERS, WITHOUT ISOLATING A PARTICULAR STATEMENT OR PARAGRAPH.

[1] Fifth Circuit Pattern Jury Instruction § 3.1.

THE TESTIMONY OF THE WITNESSES AND OTHER EXHIBITS INTRODUCED BY THE PARTIES CONSTITUTE THE EVIDENCE. THE STATEMENTS OF COUNSEL ARE NOT EVIDENCE; THEY ARE ONLY ARGUMENTS. IT IS IMPORTANT FOR YOU TO DISTINGUISH BETWEEN THE ARGUMENTS OF COUNSEL AND THE EVIDENCE ON WHICH THOSE ARGUMENTS REST. WHAT THE LAWYERS SAY OR DO IS NOT EVIDENCE. YOU MAY, HOWEVER, CONSIDER THEIR ARGUMENTS IN LIGHT OF THE EVIDENCE THAT HAS BEEN ADMITTED AND DETERMINE WHETHER THE EVIDENCE ADMITTED IN THIS TRIAL SUPPORTS THE ARGUMENTS. YOU MUST DETERMINE THE FACTS FROM ALL THE TESTIMONY THAT YOU HAVE HEARD AND THE OTHER EVIDENCE SUBMITTED. YOU ARE THE JUDGES OF THE FACTS, BUT IN FINDING THOSE FACTS, YOU MUST APPLY THE LAW AS I INSTRUCT YOU.

YOU ARE REQUIRED BY LAW TO DECIDE THE CASE IN A FAIR, IMPARTIAL, AND UNBIASED MANNER, BASED ENTIRELY ON THE LAW AND ON THE EVIDENCE PRESENTED TO YOU IN THE COURTROOM. YOU MAY NOT BE INFLUENCED BY PASSION, PREJUDICE, OR SYMPATHY THAT YOU MIGHT HAVE FOR ANY PARTY IN ARRIVING AT YOUR VERDICT.

**BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE**[2]

PLAINTIFF JUSTIN SHAWLER HAS THE BURDEN OF PROVING HIS CASE BY A PREPONDERANCE OF THE EVIDENCE. TO ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE MEANS TO PROVE SOMETHING IS MORE LIKELY SO THAN NOT SO. IF YOU FIND THAT PLAINTIFF SHAWLER HAS FAILED TO PROVE ANY ELEMENT OF HIS CLAIM BY A PREPONDERANCE OF THE EVIDENCE, THEN HE MAY NOT RECOVER ON THAT CLAIM.

IN DECIDING WHETHER ANY FACT HAS BEEN PROVEN BY A PREPONDERANCE OF THE EVIDENCE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

[2] Fifth Circuit Pattern Jury Instruction § 3.2.

**EVIDENCE[3]**

THE EVIDENCE YOU ARE TO CONSIDER CONSISTS OF THE TESTIMONY OF THE WITNESSES, THE DOCUMENTS AND OTHER EXHIBITS ADMITTED INTO EVIDENCE, AND ANY FAIR INFERENCES AND REASONABLE CONCLUSIONS YOU CAN DRAW FROM THE FACTS AND CIRCUMSTANCES THAT HAVE BEEN PROVEN.

GENERALLY SPEAKING, THERE ARE TWO TYPES OF EVIDENCE. ONE IS DIRECT EVIDENCE, SUCH AS TESTIMONY OF AN EYEWITNESS. THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE. CIRCUMSTANTIAL EVIDENCE IS EVIDENCE THAT PROVES A FACT FROM WHICH YOU CAN LOGICALLY CONCLUDE ANOTHER FACT EXISTS. AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT YOU FIND THE FACTS FROM A PREPONDERANCE OF ALL THE EVIDENCE, BOTH DIRECT AND CIRCUMSTANTIAL.

[3] Fifth Circuit Pattern Jury Instruction § 3.3.

# **STIPULATIONS OF FACT**[4]

A "STIPULATION" IS AN AGREEMENT. WHEN THERE IS NO DISPUTE ABOUT CERTAIN FACTS, THE ATTORNEYS MAY AGREE OR "STIPULATE" TO THOSE FACTS. YOU MUST ACCEPT A STIPULATED FACT AS EVIDENCE AND TREAT THAT FACT AS HAVING BEEN PROVEN HERE IN COURT.

[4] Fifth Circuit Pattern Jury Instruction § 2.3.

## **BIAS—CORPORATE PARTY INVOLVED**[5]

DO NOT LET BIAS, PREJUDICE OR SYMPATHY PLAY ANY PART IN YOUR DELIBERATIONS. A CORPORATION AND ALL OTHER PERSONS ARE EQUAL BEFORE THE LAW AND MUST BE TREATED AS EQUALS IN A COURT OF JUSTICE.

[5] Fifth Circuit Pattern Jury Instruction § 2.16.

**IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENTS**[6]

IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A WITNESS, CONSIDER WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO SAY OR DO SOMETHING, THAT WAS DIFFERENT FROM THE TESTIMONY GIVEN AT THE TRIAL.

A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS DID NOT TELL THE TRUTH AS HE OR SHE REMEMBERS IT. PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. IF A WITNESS MADE A MISSTATEMENT, CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT MISTAKE. THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL

[6] Fifth Circuit Pattern Jury Instruction § 2.11.

## IMPEACHMENT BY WITNESS'S FELONY CONVICTION[7]

IN WEIGHING THE CREDIBILITY OF A WITNESS, YOU MAY CONSIDER THE FACT THAT HE OR SHE HAS PREVIOUSLY BEEN CONVICTED OF A FELONY. SUCH A CONVICTION DOES NOT NECESSARILY DESTROY THE WITNESS'S CREDIBILITY, BUT IT IS ONE OF THE CIRCUMSTANCES YOU MAY TAKE INTO ACCOUNT IN DETERMINING THE WEIGHT TO GIVE TO HIS OR HER TESTIMONY.

[7] Fifth Circuit Pattern Jury Instruction § 2.12.

**<u>CHARTS AND SUMMARIES</u>**[8]

CERTAIN CHARTS AND SUMMARIES HAVE BEEN SHOWN TO YOU SOLELY TO HELP EXPLAIN OR SUMMARIZE THE FACTS DISCLOSED BY THE BOOKS, RECORDS, AND OTHER DOCUMENTS THAT ARE IN EVIDENCE. THESE CHARTS AND SUMMARIES ARE NOT EVIDENCE OR PROOF OF ANY FACTS. YOU SHOULD DETERMINE THE FACTS FROM THE EVIDENCE.

[8] Fifth Circuit Pattern Jury Instruction § 2.7.

**DEMONSTRATIVE EVIDENCE**[9]

CERTAIN EXHIBITS WERE ADMITTED IN THIS CASE AS ILLUSTRATIONS. THOSE EXHIBITS ARE A PARTY'S DEMONSTRATIVE EXHIBITS USED TO DESCRIBE SOMETHING INVOLVED IN THIS TRIAL. IF YOUR RECOLLECTION OF THE EVIDENCE DIFFERS FROM THE EXHIBIT, RELY ON YOUR RECOLLECTION.

[9] Fifth Circuit Pattern Jury Instruction § 2.8.

**OBJECTIONS**

DURING THE COURSE OF TRIAL YOU MAY HAVE HEARD OBJECTIONS TO EVIDENCE. IT IS THE DUTY OF THE ATTORNEYS ON ALL SIDES OF A CASE TO OBJECT WHEN ANOTHER ATTORNEY OFFERS TESTIMONY OR OTHER EVIDENCE THAT THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE ACCORDING TO LAW. YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE OF THE MAKING OF AN OBJECTION.

UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED OVER THE OBJECTION OF AN ATTORNEY, THE COURT DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF SUCH EVIDENCE.

WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, THE JURY MUST DISREGARD THE QUESTION ENTIRELY AND MAY DRAW NO INFERENCE FROM THE WORDING OF IT OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THAT QUESTION.

**WITNESSES**[10]

YOU ALONE ARE TO DETERMINE THE QUESTIONS OF CREDIBILITY OR TRUTHFULNESS OF THE WITNESSES. IN WEIGHING THE TESTIMONY OF THE WITNESSES, YOU MAY CONSIDER THE WITNESS'S MANNER AND DEMEANOR ON THE WITNESS STAND, ANY FEELINGS OR INTEREST IN THE CASE, OR ANY PREJUDICE OR BIAS ABOUT THE CASE, THAT HE OR SHE MAY HAVE, AND THE CONSISTENCY OR INCONSISTENCY OF HIS OR HER TESTIMONY CONSIDERED IN THE LIGHT OF THE CIRCUMSTANCES. HAS THE WITNESS BEEN CONTRADICTED BY OTHER CREDIBLE EVIDENCE? HAS HE OR SHE MADE STATEMENTS AT OTHER TIMES AND PLACES CONTRARY TO THOSE MADE HERE ON THE WITNESS STAND? YOU MUST GIVE THE TESTIMONY OF EACH WITNESS THE CREDIBILITY THAT YOU THINK IT DESERVES.

EVEN THOUGH A WITNESS MAY BE A PARTY TO THE ACTION AND THEREFORE INTERESTED IN ITS OUTCOME, THE TESTIMONY MAY BE ACCEPTED IF IT IS NOT CONTRADICTED BY DIRECT EVIDENCE OR BY ANY INFERENCE THAT MAY BE DRAWN FROM THE EVIDENCE, IF YOU BELIEVE THE TESTIMONY.

YOU ARE NOT TO DECIDE THIS CASE BY COUNTING THE NUMBER OF WITNESSES WHO HAVE TESTIFIED ON ALL OF THE SIDES. WITNESS TESTIMONY IS WEIGHED; WITNESSES ARE NOT COUNTED. THE TEST IS NOT THE RELATIVE NUMBER OF WITNESSES, BUT THE RELATIVE CONVINCING FORCE OF THE EVIDENCE. THE TESTIMONY OF A SINGLE WITNESS IS SUFFICIENT TO PROVE ANY

[10] Fifth Circuit Pattern Jury Instruction § 3.4.

FACT, EVEN IF A GREATER NUMBER OF WITNESSES TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL OF THE OTHER EVIDENCE, YOU BELIEVE THAT WITNESS.

**EXPERT WITNESSES**[11]

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD IS PERMITTED TO STATE HIS OR HER OPINION ON THOSE TECHNICAL MATTERS. HOWEVER, YOU ARE NOT REQUIRED TO ACCEPT THAT OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY ON IT.

[11] Fifth Circuit Pattern Jury Instruction § 3.5.

**NO INFERENCE FROM FILING SUIT**[12]

THE FACT THAT A PERSON BROUGHT A LAWSUIT AND IS IN COURT SEEKING DAMAGES CREATES NO INFERENCE THAT THE PERSON IS ENTITLED TO A JUDGMENT. ANYONE MAY MAKE A CLAIM AND FILE A LAWSUIT. THE ACT OF MAKING A CLAIM IN A LAWSUIT, BY ITSELF, DOES NOT IN ANY WAY TEND TO ESTABLISH THAT CLAIM AND IS NOT EVIDENCE.

[12] Fifth Circuit Pattern Jury Instruction § 3.6.

**DEPOSITION TESTIMONY**[13]

CERTAIN TESTIMONY HAS BEEN PRESENTED TO YOU THROUGH A DEPOSITION. A DEPOSITION IS THE SWORN, RECORDED ANSWERS TO QUESTIONS A WITNESS WAS ASKED IN ADVANCE OF THE TRIAL. UNDER SOME CIRCUMSTANCES, IF A WITNESS CANNOT BE PRESENT TO TESTIFY FROM THE WITNESS STAND, THAT WITNESS'S TESTIMONY MAY BE PRESENTED, UNDER OATH, IN THE FORM OF A DEPOSITION. SOME TIME BEFORE THIS TRIAL, ATTORNEYS REPRESENTING THE PARTIES IN THIS CASE QUESTIONED THIS WITNESS UNDER OATH. A COURT REPORTER WAS PRESENT AND RECORDED THE TESTIMONY. THE QUESTIONS AND ANSWERS HAVE BEEN READ OR SHOWN TO YOU DURING THE COURSE OF THIS TRIAL. THIS DEPOSITION TESTIMONY IS ENTITLED TO THE SAME CONSIDERATION AND IS TO BE JUDGED BY YOU AS TO CREDIBILITY AND WEIGHED AND OTHERWISE CONSIDERED BY YOU IN THE SAME WAY AS IF THE WITNESS HAD BEEN PRESENT AND HAD TESTIFIED FROM THE WITNESS STAND IN COURT.

[13] Fifth Circuit Pattern Jury Instruction § 2.13.

**LIMITING INSTRUCTION**[14]

WHEN TESTIMONY OR AN EXHIBIT IS ADMITTED FOR A LIMITED PURPOSE, YOU MAY CONSIDER THAT TESTIMONY OR EXHIBIT ONLY FOR THE SPECIFIC LIMITED PURPOSE FOR WHICH IT WAS ADMITTED.

[14] Fifth Circuit Pattern Jury Instruction § 2.6.

**BENCH CONFERENCES AND RECESSES**

AT TIMES DURING THE TRIAL IT MAY BE NECESSARY FOR ME TO TALK WITH THE LAWYERS HERE AT THE BENCH OUT OF YOUR HEARING, OR BY CALLING A RECESS. WE MEET BECAUSE OFTEN DURING A TRIAL SOMETHING COMES UP THAT DOESN'T INVOLVE THE JURY.

**<u>THE COURT'S QUESTIONS TO WITNESSES</u>**

DURING THE COURSE OF THE TRIAL I MAY HAVE ASKED A QUESTION OF A WITNESS. SUCH QUESTIONS DO NOT INDICATE THAT I HAVE ANY OPINION ABOUT THE FACTS OF THE CASE. NOTHING I HAVE SAID OR DONE SHOULD LEAD YOU TO BELIEVE THAT I HAVE ANY OPINION ABOUT THE FACTS, NOR BE TAKEN AS INDICATING WHAT YOUR VERDICT SHOULD BE.

## DESCRIPTION OF THE CLAIMS

JUSTIN SHAWLER ARGUES THAT HE HAS SUFFERED SEVERE AND DEBILITATING INJURIES AS A RESULT OF THE ACCIDENT THAT OCCURRED ON DEFENDANT'S VESSEL, THE M/V BIG VALLEY, ON MAY 3, 2015. MR. SHAWLER IS SEEKING DAMAGES AS A RESULT OF BIG VALLEY, LLC'S ("BIG VALLEY'S") ALLEGED NEGLIGENCE.

BIG VALLEY DOES NOT DISPUTE THAT MR. SHAWLER WAS INVOLVED IN AN ACCIDENT. INSTEAD, IT URGES THAT THE ACCIDENT WAS CAUSED SOLELY BY MR. SHAWLER'S OWN FAULT, AND THAT ITS EMPLOYEES, CAPTAIN LARRY GRIFFIN AND THE CREW OF THE M/V BIG VALLEY, DID NOTHING THAT COULD BE CONSIDERED A LEGAL CAUSE OF THE ACCIDENT. BIG VALLEY ALSO DISPUTES THE EXTENT OF THE DAMAGES CLAIMED BY MR. SHAWLER AND CONTENDS THAT MR. SHAWLER HAS FAILED TO MITIGATE HIS DAMAGES.

IT IS FOR YOU, THE JURY, TO DETERMINE THE FACTS IN THIS CASE FROM THE EVIDENCE PRESENTED TO YOU.

**EVIDENCE REGARDING ALCOHOL CONSUMPTION**[15]

YOU HAVE HEARD EVIDENCE IN THIS CASE ABOUT ALCOHOL CONSUMPTION. AS YOU WEIGH THE EVIDENCE, YOU SHOULD BEAR IN MIND THE DISTINCTION BETWEEN CONSUMPTION OF ALCOHOL AND ONE'S FUNCTION BEING IMPAIRED BY THE USE OF ALCOHOL. SIMPLY BECAUSE A PERSON CONSUMES ALCOHOLIC BEVERAGES DOES NOT AUTOMATICALLY MEAN THAT PERSON BECAME FUNCTIONALLY IMPAIRED DUE TO ALCOHOL. YOU WILL HAVE TO DETERMINE THE EXTENT OF IMPAIRMENT, IF ANY, OF ANY WITNESS.

[15] Added at the request of the parties.

**GENERAL MARITIME LAW NEGLIGENCE**[16]

PLAINTIFF, MR. SHAWLER, HAS ASSERTED A GENERAL MARITIME NEGLIGENCE CLAIM AGAINST BIG VALLEY. THAT IS, MR. SHAWLER CONTENDS THAT THE NEGLIGENT CONDUCT OF BIG VALLEY'S EMPLOYEES CAUSED MR. SHAWLER'S DAMAGES.

IN ORDER TO RECOVER DAMAGES FROM BIG VALLEY, MR. SHAWLER MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT BIG VALLEY OWED A DUTY TO MR. SHAWLER; THAT BIG VALLEY BREACHED THAT DUTY; THAT MR. SHAWLER SUSTAINED AN INJURY; AND THAT THERE EXISTS A CAUSAL CONNECTION BETWEEN BIG VALLEY'S BREACH OF DUTY AND MR. SHAWLER'S INJURY.

BIG VALLEY OWED TO MR. SHAWLER A DUTY TO EXERCISE REASONABLE CARE UNDER THE CIRCUMSTANCES. A PERSON FAILS TO EXERCISE REASONABLE CARE IF HE DOES SOME ACT THAT A REASONABLY PRUDENT PERSON WOULD NOT DO OR IF HE FAILS TO DO SOME ACT THAT A REASONABLY PRUDENT PERSON WOULD DO UNDER THE SAME OR SIMILAR CIRCUMSTANCES. IN MAKING THIS DETERMINATION, BEAR IN MIND THAT A VESSEL CREW MEMBER IS RESPONSIBLE NOT ONLY FOR WHAT HE ACTUALLY KNEW AT THE TIME OF THE ACCIDENT, BUT ALSO FOR WHAT HE SHOULD HAVE KNOWN.[17] IT IS UP TO YOU, THE JURY, TO

[16] *In re Complaint of ENSCO Offshore Co.*, 9 F. Supp. 3d 713, 721 (S.D. Tex. 2014) (citing *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201 (5th Cir. 2010)).
[17] *Benton v. Diamond Servs., Inc.*, 16 F.3d 1215, *2 (5th Cir. 1994) (citing with approval similar district court instructions to the jury).

DETERMINE WHETHER BIG VALLEY BREACHED ITS DUTY TO EXERCISE REASONABLE CARE UNDER THE CIRCUMSTANCES.

YOU SHOULD BEAR IN MIND THAT A VESSEL OWNER MAY BE HELD LIABLE FOR PROVIDING ALCOHOL TO A PASSENGER WITHOUT ADEQUATE SUPERVISION.[18] HOWEVER, IN ORDER TO HOLD THE VESSEL OWNER LIABLE, THE CREW MEMBER(S) MUST HAVE KNOWN OR SHOULD HAVE KNOWN OF THE DANGER.[19] IN MAKING THAT DETERMINATION, YOU SHOULD CONSIDER ALL OF THE CIRCUMSTANCES LEADING UP TO THE ACCIDENT, INCLUDING THE BEHAVIOR OF THE PASSENGER WHO HAS BEEN CONSUMING ALCOHOLIC BEVERAGES.[20]

IN ORDER TO RECOVER, MR. SHAWLER MUST ALSO PROVE THAT HIS INJURY WAS PROXIMATELY CAUSED BY THE NEGLIGENCE OF BIG VALLEY. PROXIMATE CAUSE REQUIRES THE PLAINTIFF TO SHOW THAT THE DEFENDANT'S NEGLIGENCE

---

[18] *See Reyes v. Vantage S.S. Co. Inc.*, 609 F.2d 140, 146 (5th Cir. 1980) (citation omitted) ("The fact is that a floating dram shop was operating on board, the use of intoxicants obtained therefrom was not supervised, and as a consequence the vessel must bear at least part of the fault for Reyes's negligence."); *Young v. Players Lake Charles, L.L.C.*, 47 F. Supp. 2d 832, 835 (S.D. Tex. 1999) ("This very Court has held that a defendant can be held liable at maritime law for providing alcohol without adequate supervision.") (citing *Thier v. Lykes Bros.*, 900 F. Supp. 864, 866 (S.D. Tex. 1995)); *Saucier v. Players Lake Charles, LLC*, 751 So. 2d 312, 318 (La. App. 3 Cir. 1999) (citation omitted) ("Maritime law also holds the ship owner or operator liable for providing alcohol without adequate supervision.").

[19] *Contango Operators, Inc. v. Weeks Marine, Inc.*, 613 F. App'x 281, 284 (5th Cir. 2015) ("Negligence is an actionable wrong under general maritime law, and the elements of that tort are essentially the same as land-based negligence under the common law."); Restatement (Second) of Torts § 289; *Benton*, 16 F.3d 1215 at *2; *Doe v. NCL (Bahamas) Ltd.*, No. 11-22230-CIV, 2012 WL 5512347, at *6 (S.D. Fla. Nov. 14, 2012) (internal quotation and citation omitted) ("[T]he facts of the case must be such that a reasonable defendant would have been on notice of the impending danger to the plaintiff.").

[20] *NCL (Bahamas) Ltd.*, 2012 WL 5512347, at *6 ("[T]he intoxicated passenger's behavior is relevant to the determination that Defendant in this case was on notice of the danger.").

WAS A SUBSTANTIAL FACTOR IN CAUSING THE INJURY AND THAT THE INJURY WAS A REASONABLY PROBABLE CONSEQUENCE OF THE NEGLIGENT CONDUCT.

**CONTRIBUTORY NEGLIGENCE/ COMPARATIVE FAULT**[21]

BIG VALLEY CONTENDS THAT MR. SHAWLER WAS NEGLIGENT, I.E., THAT HE FAILED TO EXERCISE REASONABLE CARE UNDER THE CIRCUMSTANCES, AND THAT MR. SHAWLER'S NEGLIGENCE, I.E. VOLUNTARY CONSUMPTION OF ALCOHOL, CAUSED OR CONTRIBUTED TO CAUSING HIS INJURY. THIS IS THE DEFENSE OF CONTRIBUTORY NEGLIGENCE. BIG VALLEY HAS THE BURDEN OF PROVING BY A PREPONDERANCE OF THE EVIDENCE THAT MR. SHAWLER WAS CONTRIBUTORILY NEGLIGENT.

IN ORDER TO SUCCEED ON THIS DEFENSE, BIG VALLEY MUST PROVE THAT MR. SHAWLER'S INJURY WAS PROXIMATELY CAUSED BY MR. SHAWLER'S OWN NEGLIGENCE. PROXIMATE CAUSE REQUIRES BIG VALLEY TO SHOW THAT NEGLIGENCE BY MR. SHAWLER WAS A SUBSTANTIAL FACTOR IN CAUSING MR. SHAWLER'S INJURY AND THAT MR. SHAWLER'S INJURY WAS A REASONABLY PROBABLE CONSEQUENCE OF HIS NEGLIGENT CONDUCT.

IF MR. SHAWLER WAS GUILTY OF CONTRIBUTORY NEGLIGENCE THAT CONTRIBUTED TO HIS INJURY, HE NEVERTHELESS MAY RECOVER. HOWEVER, THE AMOUNT OF MR. SHAWLER'S RECOVERY WILL BE REDUCED BY THE EXTENT OF HIS CONTRIBUTORY NEGLIGENCE.

---

[21] *See* Fifth Circuit Pattern Jury Instruction § 4.7; *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 651 (5th Cir. 1992); *In re Complaint of ENSCO Offshore Co.*, 9 F. Supp. 3d 713, 721 (S.D. Tex. 2014) (citing *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201 (5th Cir. 2010)).

**CONSIDER DAMAGES ONLY IF NECESSARY**[22]

IF PLAINTIFF MR. SHAWLER HAS PROVED HIS CLAIM AGAINST BIG VALLEY BY A PREPONDERANCE OF THE EVIDENCE, YOU MUST DETERMINE THE DAMAGES TO WHICH MR. SHAWLER IS ENTITLED. YOU SHOULD NOT INTERPRET THE FACT THAT I AM GIVING INSTRUCTIONS ABOUT MR. SHAWLER'S DAMAGES AS AN INDICATION IN ANY WAY THAT I BELIEVE MR. SHAWLER SHOULD, OR SHOULD NOT, WIN THIS CASE. IT IS YOUR TASK FIRST TO DECIDE WHETHER BIG VALLEY IS LIABLE TO MR. SHAWLER. I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT YOU DECIDE THAT BIG VALLEY IS LIABLE AND THAT MR. SHAWLER IS ENTITLED TO RECOVER MONEY FROM BIG VALLEY.

[22] Fifth Circuit Pattern Jury Instruction § 15.1.

## **COMPENSATORY DAMAGES**[23]

IF YOU FIND THAT DEFENDANT BIG VALLEY IS LIABLE, YOU MUST AWARD THE AMOUNT YOU FIND BY A PREPONDERANCE OF THE EVIDENCE IS FULL AND JUST COMPENSATION FOR ALL OF MR. SHAWLER'S DAMAGES. THESE DAMAGES ARE CALLED COMPENSATORY DAMAGES.

COMPENSATORY DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AGAINST A PARTY. SUCH DAMAGES CANNOT BE BASED ON SPECULATION, BECAUSE COMPENSATORY DAMAGES MUST BE ACTUAL DAMAGES TO BE RECOVERABLE. BUT COMPENSATORY DAMAGES ARE NOT RESTRICTED TO OUT-OF-POCKET LOSSES OF MONEY OR LOST TIME. INSTEAD, COMPENSATORY DAMAGES MAY INCLUDE MENTAL AND PHYSICAL ASPECTS OF INJURY, TANGIBLE AND INTANGIBLE. COMPENSATORY DAMAGES ARE INTENDED TO MAKE MR. SHAWLER WHOLE, OR TO RESTORE HIM TO THE POSITION HE WOULD HAVE BEEN IN IF THE ACCIDENT HAD NOT HAPPENED.

YOU MAY AWARD COMPENSATORY DAMAGES ONLY FOR INJURIES THAT MR. SHAWLER PROVES WERE CAUSED, AS THAT TERM HAS BEEN PREVIOUSLY DEFINED, BY BIG VALLEY'S ALLEGED WRONGFUL CONDUCT. THE DAMAGES THAT YOU AWARD MUST BE FAIR COMPENSATION FOR ALL OF MR. SHAWLER'S DAMAGES, NO MORE AND NO LESS.

---

[23] Fifth Circuit Pattern Jury Instruction § 4.8; *Transcontinental Gas Pipe Line Corp. v. Societe D'Exploitation du Solitaire SA*, 299 F. App'x 347, 350 (5th Cir. 2008) (citing *Delta Marine Drilling Co. v. M/V Baroid Ranger*, 454 F.2d 128, 129 (5th Cir. 1972)); *In re Bertucci Contracting Co., L.L.C.*, 712 F.3d 245, 246-47 (5th Cir. 2013).

IF YOU DECIDE TO AWARD COMPENSATORY DAMAGES, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE. COMPUTING DAMAGES MAY BE DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESSWORK. ON THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT MR. SHAWLER PROVE THE AMOUNT OF HIS LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS THE CIRCUMSTANCES PERMIT.

YOU MUST USE SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU FIND THEM APPROPRIATE FROM THE FACTS AND CIRCUMSTANCES IN EVIDENCE.

IN DETERMINING COMPENSATORY DAMAGES, YOU SHOULD CONSIDER ONLY THE FOLLOWING ELEMENTS, TO THE EXTENT YOU FIND THAT MR. SHAWLER HAS ESTABLISHED THEM BY A PREPONDERANCE OF THE EVIDENCE:

1. PAST AND FUTURE PHYSICAL PAIN AND SUFFERING INCLUDING PHYSICAL DISABILITY, IMPAIRMENT, AND INCONVENIENCE, AND THE EFFECT OF PLAINTIFF'S INJURIES AND INCONVENIENCE ON THE NORMAL PURSUITS AND PLEASURES OF LIFE.
2. PAST AND FUTURE MENTAL ANGUISH AND FEELINGS OF ECONOMIC INSECURITY CAUSED BY DISABILITY.
3. INCOME AND BENEFITS LOST IN THE PAST.
4. LOSS OF FUTURE INCOME, BENEFITS, AND/OR EARNING CAPACITY.

5. THE REASONABLE VALUE, NOT EXCEEDING ACTUAL COST TO THE PLAINTIFF, OF PAST MEDICAL CARE, AS WELL AS MEDICAL CARE THAT YOU FIND FROM THE EVIDENCE WILL BE REASONABLY CERTAIN TO BE REQUIRED IN THE FUTURE AS A PROXIMATE RESULT OF THE INJURY IN QUESTION.

IF YOU FIND THAT PLAINTIFF IS ENTITLED TO AN AWARD OF DAMAGES FOR LOSS OF PAST OR FUTURE EARNINGS, THERE ARE TWO PARTICULAR FACTORS YOU MUST CONSIDER. FIRST YOU SHOULD CONSIDER LOSS AFTER INCOME TAXES; THAT IS YOU SHOULD DETERMINE THE ACTUAL OR NET INCOME THAT PLAINTIFF HAS LOST OR WILL LOSE, TAKING INTO CONSIDERATION THAT ANY PAST OR FUTURE EARNINGS WOULD BE SUBJECT TO INCOME TAXES. YOU MUST AWARD THE PLAINTIFF ONLY HIS NET EARNINGS AFTER TAX. THIS IS SO BECAUSE ANY AWARD YOU MAY MAKE HERE IS NOT SUBJECT TO INCOME TAX. THE FEDERAL OR STATE GOVERNMENT WILL NOT TAX ANY AMOUNT THAT YOU AWARD ON THIS BASIS.

SECOND, AN AMOUNT TO COVER A FUTURE LOSS OF EARNINGS IS MORE VALUABLE TO PLAINTIFF IF HE RECEIVED THE AMOUNT TODAY THAN IF HE RECEIVED THE SAME AMOUNT IN THE FUTURE. IF YOU DECIDE TO AWARD PLAINTIFF AN AMOUNT FOR LOST FUTURE EARNINGS, YOU MUST DISCOUNT THAT AMOUNT TO PRESENT VALUE BY CONSIDERING WHAT RETURN WOULD BE REALIZED ON A RELATIVELY RISK FREE INVESTMENT AND DEDUCTING THAT AMOUNT FROM GROSS FUTURE EARNING AWARD.

HOWEVER, SOME OF THESE DAMAGES, SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING, ARE INTANGIBLE THINGS ABOUT WHICH NO EVIDENCE OF VALUE IS REQUIRED. IN AWARDING THESE DAMAGES, YOU ARE NOT DETERMINING VALUE, INSTEAD DETERMINING WHAT AMOUNT THAT WILL FAIRLY COMPENSATE PLAINTIFF FOR HIS INJURIES.

IF YOU MAKE ANY AWARD FOR FUTURE MEDICAL EXPENSES, YOU SHOULD ADJUST OR DISCOUNT THE AWARD TO PRESENT VALUE IN THE SAME MANNER AS WITH LOSS OF FUTURE EARNINGS.

HOWEVER, YOU MUST NOT MAKE ANY ADJUSTMENT TO PRESENT VALUE FOR ANY DAMAGES YOU MAY AWARD FOR FUTURE PAIN AND SUFFERING OR FUTURE MENTAL ANGUISH.

## INJURY/PAIN/DISABILITY/DISFIGUREMENT/ LOSS OF CAPACITY FOR ENJOYMENT OF LIFE[24]

YOU MAY AWARD DAMAGES FOR ANY BODILY INJURY THAT MR. SHAWLER SUSTAINED AND ANY PAIN AND SUFFERING, PHYSICAL IMPAIRMENT, MENTAL ANGUISH, AND EMOTIONAL DISTRESS THAT MR. SHAWLER EXPERIENCED IN THE PAST OR WILL EXPERIENCE IN THE FUTURE AS A RESULT OF THE BODILY INJURY. NO EVIDENCE OF THE VALUE OF INTANGIBLE THINGS, SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING, HAS BEEN OR NEED BE INTRODUCED. YOU ARE NOT TRYING TO DETERMINE VALUE, BUT AN AMOUNT THAT WILL FAIRLY COMPENSATE MR. SHAWLER FOR THE DAMAGES HE HAS SUFFERED. THERE IS NO EXACT STANDARD FOR FIXING THE COMPENSATION TO BE AWARDED FOR THESE ELEMENTS OF DAMAGE. ANY AWARD THAT YOU MAKE MUST BE FAIR IN THE LIGHT OF THE EVIDENCE.

[24] Fifth Circuit Pattern Jury Instruction § 15.3.

## MITIGATION OF DAMAGES[25]

A PERSON WHO CLAIMS DAMAGES RESULTING FROM THE WRONGFUL ACT OF ANOTHER HAS A DUTY UNDER THE LAW TO USE REASONABLE DILIGENCE TO MITIGATE HIS DAMAGES, THAT IS, TO AVOID OR MINIMIZE THOSE DAMAGES.

IF YOU FIND BIG VALLEY IS LIABLE AND MR. SHAWLER HAS SUFFERED DAMAGES, MR. SHAWLER MAY NOT RECOVER FOR ANY ITEM OF DAMAGE THAT HE COULD HAVE AVOIDED THROUGH REASONABLE EFFORT. IF YOU FIND THAT BIG VALLEY HAS PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT MR. SHAWLER UNREASONABLY FAILED TO TAKE ADVANTAGE OF AN OPPORTUNITY TO LESSEN HIS DAMAGES, YOU SHOULD DENY HIM RECOVERY FOR THOSE DAMAGES THAT HE WOULD HAVE AVOIDED HAD HE TAKEN ADVANTAGE OF THE OPPORTUNITY.

YOU ARE THE SOLE JUDGE OF WHETHER MR. SHAWLER ACTED REASONABLY IN AVOIDING OR MINIMIZING HIS DAMAGES. AN INJURED PLAINTIFF MAY NOT SIT IDLY BY WHEN PRESENTED WITH AN OPPORTUNITY TO REDUCE HIS DAMAGES. HOWEVER, HE IS NOT REQUIRED TO MAKE UNREASONABLE EFFORTS OR TO INCUR UNREASONABLE EXPENSES IN MITIGATING DAMAGES. BIG VALLEY HAS THE BURDEN OF PROVING THE DAMAGES MR. SHAWLER COULD HAVE MITIGATED. IN DECIDING WHETHER TO REDUCE MR. SHAWLER'S DAMAGES BECAUSE OF HIS FAILURE TO MITIGATE, YOU MUST WEIGH ALL THE EVIDENCE IN LIGHT OF THE CIRCUMSTANCES OF THE CASE,

[25] Fifth Circuit Pattern Jury Instruction § 15.5.

USING SOUND DISCRETION IN DECIDING WHETHER BIG VALLEY HAS SATISFIED ITS BURDEN OF PROVING THAT MR. SHAWLER'S CONDUCT WAS NOT REASONABLE.

**LIMITATION OF LIABILITY**[26]

IF YOU FIND THAT MR. SHAWLER HAS MET HIS BURDEN OF PROVING THAT HIS DAMAGES WERE PROXIMATELY CAUSED BY THE NEGLIGENCE OF THE CAPTAIN OR CREW OF THE M/V BIG VALLEY, YOU MUST DECIDE WHETHER THE OWNER AND/OR MANAGEMENT OF THE M/V BIG VALLEY HAD "PRIVITY OR KNOWLEDGE" OF THE CAPTAIN OR CREW'S NEGLIGENT ACT(S) OR OMISSION(S).

IT IS BIG VALLEY'S BURDEN TO ESTABLISH THAT IT LACKED PRIVITY OR KNOWLEDGE OF THE NEGLIGENCE THAT YOU FOUND CAUSED THE INCIDENT.[27] "PRIVITY OR KNOWLEDGE" EXISTS WHEN THE VESSEL OWNER AND/OR MANAGEMENT KNEW OR SHOULD HAVE KNOWN ABOUT THE CONDITIONS OR ACTIONS LIKELY TO CAUSE THE INCIDENT.[28] KNOWLEDGE OF A NEGLIGENT CONDITION IS NORMALLY IMPUTED TO A VESSEL OWNER AND/OR MANAGEMENT IF THE CONDITION COULD HAVE BEEN DISCOVERED THROUGH THE EXERCISE OF REASONABLE DILIGENCE. KNOWLEDGE IS NOT ONLY WHAT THE VESSEL OWNER AND/OR MANAGEMENT KNOWS, BUT ALSO WHAT IT IS CHARGED WITH DISCOVERING.[29]

---

[26] *See In re Omega Protein, Inc.*, 548 F.3d 361, 371 (5th Cir. 2008).
[27] *Brister v. A.W.I., Inc.*, 946 F.2d 350, 355 (5th Cir. 1991).
[28] *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 504 (5th Cir. 1994).
[29] *Brister*, 946 F.2d at 355.

**PROHIBITED COMMUNICATIONS**

DURING YOUR DELIBERATIONS, YOU MUST NOT COMMUNICATE WITH OR PROVIDE ANY INFORMATION TO ANYONE BY ANY MEANS ABOUT THIS CASE. YOU MAY NOT USE ANY ELECTRONIC DEVICE OR MEDIA, SUCH AS A TELEPHONE, CELL PHONE, SMART PHONE, IPHONE, BLACKBERRY OR COMPUTER; THE INTERNET, ANY INTERNET SERVICE, OR ANY TEXT OR INSTANT MESSAGING SERVICE; OR ANY INTERNET CHAT ROOM, BLOG, OR WEBSITE SUCH AS FACEBOOK, MYSPACE, LINKEDIN, YOUTUBE OR TWITTER, TO COMMUNICATE TO ANYONE ANY INFORMATION ABOUT THIS CASE OR TO CONDUCT ANY RESEARCH ABOUT THIS CASE UNTIL I ACCEPT YOUR VERDICT. IN OTHER WORDS, YOU CANNOT TALK TO ANYONE ON THE PHONE, CORRESPOND WITH ANYONE, OR ELECTRONICALLY COMMUNICATE WITH ANYONE ABOUT THIS CASE. YOU CAN ONLY DISCUSS THE CASE IN THE JURY ROOM WITH YOUR FELLOW JURORS DURING DELIBERATIONS. I EXPECT YOU WILL INFORM ME AS SOON AS YOU BECOME AWARE OF ANOTHER JUROR'S VIOLATION OF THESE INSTRUCTIONS.

YOU MAY NOT USE THESE ELECTRONIC MEANS TO INVESTIGATE OR COMMUNICATE ABOUT THE CASE BECAUSE IT IS IMPORTANT THAT YOU DECIDE THIS CASE BASED SOLELY ON THE EVIDENCE PRESENTED IN THIS COURTROOM. INFORMATION ON THE INTERNET OR AVAILABLE THROUGH SOCIAL MEDIA MIGHT BE WRONG, INCOMPLETE, OR INACCURATE. YOU ARE ONLY PERMITTED TO DISCUSS THE CASE WITH YOUR FELLOW JURORS DURING DELIBERATIONS BECAUSE THEY HAVE SEEN AND HEARD THE SAME EVIDENCE YOU HAVE. IN OUR

JUDICIAL SYSTEM, IT IS IMPORTANT THAT YOU ARE NOT INFLUENCED BY ANYTHING OR ANYONE OUTSIDE OF THIS COURTROOM. OTHERWISE, YOUR DECISION MAY BE BASED ON INFORMATION KNOWN ONLY BY YOU AND NOT YOUR FELLOW JURORS OR THE PARTIES IN THE CASE. THIS WOULD UNFAIRLY AND ADVERSELY IMPACT THE JUDICIAL PROCESS.

**DUTY TO DELIBERATE**[30]

IT IS NOW YOUR DUTY TO DELIBERATE AND TO CONSULT WITH ONE ANOTHER IN AN EFFORT TO REACH A VERDICT. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE WITH YOUR FELLOW JURORS. DURING YOUR DELIBERATIONS, DO NOT HESITATE TO RE-EXAMINE YOUR OWN OPINIONS AND CHANGE YOUR MIND IF YOU ARE CONVINCED THAT YOU WERE WRONG. BUT DO NOT GIVE UP ON YOUR HONEST BELIEFS BECAUSE THE OTHER JURORS THINK DIFFERENTLY, OR JUST TO FINISH THE CASE.

WHEN YOU GO INTO THE JURY ROOM TO DELIBERATE, YOU MAY TAKE WITH YOU A COPY OF THIS CHARGE AND THE EXHIBITS THAT I HAVE ADMITTED INTO EVIDENCE. YOU MUST SELECT A JURY FOREPERSON TO GUIDE YOU IN YOUR DELIBERATIONS AND TO SPEAK FOR YOU HERE IN THE COURTROOM.

YOUR VERDICT MUST BE UNANIMOUS. AFTER YOU HAVE REACHED A UNANIMOUS VERDICT, YOUR JURY FOREPERSON MUST FILL OUT THE ANSWERS TO THE WRITTEN QUESTIONS ON THE VERDICT FORM AND SIGN AND DATE IT. AFTER YOU HAVE CONCLUDED YOUR SERVICE AND I HAVE DISCHARGED THE JURY, YOU ARE NOT REQUIRED TO TALK WITH ANYONE ABOUT THE CASE.

IF YOU NEED TO COMMUNICATE WITH ME DURING YOUR DELIBERATIONS, THE JURY FOREPERSON SHOULD WRITE THE INQUIRY AND GIVE IT TO THE COURT SECURITY OFFICER. AFTER CONSULTING WITH THE ATTORNEYS, I WILL RESPOND

---

[30] Fifth Circuit Pattern Jury Instruction § 3.7.

EITHER IN WRITING OR BY MEETING WITH YOU IN THE COURTROOM. KEEP IN MIND, HOWEVER, THAT YOU MUST NEVER DISCLOSE TO ANYONE, NOT EVEN TO ME, YOUR NUMERICAL DIVISION ON ANY QUESTION.

YOU MAY NOW PROCEED TO THE JURY ROOM TO BEGIN YOUR DELIBERATIONS.